AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Dec 18, 2025 2:11 PM
Lucy H.Carrillo, Clerk of Court

| | | |
|---|---|---|
| United States of America<br>v.<br>Brett William Harvey<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No.<br>MJ 25-1580 WRP |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 17, 2025** in the county of **Hawaii** in the _____ District of **Hawaii**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1544 | Misuse of Passport |

This criminal complaint is based on these facts:

See affidavit of HSI Special Agent Luis Negron

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Luis X. Negron, HSI
*Printed name and title*

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: 12/18/2025

City and state: Honolulu, Hawaii

Wes Reber Porter
United States Magistrate Judge

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn telephonically, state the following is true and correct to the best of my knowledge and belief:

## BACKGROUND

1.      I am a Special Agent with Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been since April 2023. I have completed both the Criminal Investigator Training Program as well as the HSI Special Agent Training Program. During these training programs, I received training and instruction concerning the application of United States criminal and constitutional law, completed courses pertaining to the enforcement of United States customs and immigration law, and was taught law enforcement tradecraft utilized to evolve administrative and criminal investigations. As such, I am a "federal law enforcement officer" of the United States within the meaning of Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 8, Title 18, Title 19 and Title 21 of United States Code.

2.      Prior to my employment as a Special Agent with HSI, from 2018 to 2023, I was employed as a Customs and Border Protection Officer ("CBP") at Honolulu International Airport where I was assigned as a Counter Terrorism

Response Officer ("CTR"). In that capacity, I interviewed and investigated arriving and departing U.S. Citizens ("USC"), U.S. Lawful Permanent Residents, and foreign nationals who were suspected to be engaged with, or affiliated to, foreign state intelligence agencies, transnational criminal organizations, and foreign terrorist cells. In 2021, I was assigned to CBP Honolulu's Air Contraband Enforcement Team ("AIRCET"), which routinely inspected and seized air freight and international mail containing narcotics, firearms, and other contraband intended to be introduced into foreign or interstate commerce.

3. I submit this affidavit in support of the foregoing Criminal Complaint charging BRETT WILLIAM HARVEY with one count of misuse of passport, in violation of 18 U.S.C. § 1544.

4. This affidavit is based upon my personal knowledge, my review of reports by other law enforcement officers, my communications with other law enforcement officers, information obtained from witnesses, and other evidence. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the alleged charges, it does not include all the facts that I or the government have learned during the course of the investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## **PROBABLE CAUSE**

5.     On or about December 17, 2025, Brett William HARVEY ("HARVEY"), was encountered during a law enforcement operation in Kailua-Kona, Hawaii.  Specifically, HARVEY entered the passenger screening area at Kona International Airport.  HARVEY approached the Transportation Security Administration (TSA) checkpoint and handed the TSA officer a United States Passport (No. xxxxxx965) bearing the name and identifiers for "B.J." along with a Hawaiian Airlines boarding pass bearing the same name.  The photograph of the individual depicted in the passport did not match HARVEY. The passport is a real passport issued by the United States Department of State.

6.     As a result, the Hawaii Police Department ("HPD") responded to the TSA checkpoint and arrested HARVEY.  While in custody at the Kona Police Station, law enforcement conducted a biometric query of HARVEY's fingerprints.  As a result, the National Crime Information Center ("NCIC") results provided positive fingerprint identification that the individual who presented the passport at the TSA checkpoint was actually HARVEY, and not "B.J."

7.     On or about December 17, 2025, law enforcement officers conducted a telephonic interview with "B.J." During this interview, B.J. confirmed his passport (No. XXXXXX965) was stolen in or around August 2025 during a vehicle

break-in in Portland, Oregon. B.J. also confirmed he never gave anyone permission to use his passport (No. XXXXXX965).

8.   Based on the facts described above, and my training and experience, I submit that there is probable cause to believe HARVEY violated Title 18, United States Code, Section 1544 by using B.J.'s stolen passport to attempt to enter the secure area at Kona International Airport and presenting that stolen passport to a TSA officer.

Luis X. Negron
Special Agent
Homeland Security Investigations

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer on December 18, 2025.

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4(d) and 4.1(b).



Wes Reber Porter
United States Magistrate Judge